**EXHIBIT 1**

**EXHIBIT 1**



COPY

Sven K. Budge (#030205)
BUDGE LAW FIRM, PLLC
1134 E. University Dr., Suite 121
Mesa, AZ 85203
sbudge@budgelawfirm.com
Phone: (480) 246-8050
Fax: (480) 553-8037

Attorney for the Plaintiffs

JAN 1 0 2017

MICHAEL K. JEANES, CLERK
F. BOLL
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

GRADY SHAVER, surviving father of Daniel Shaver, Deceased; and NORMA SHAVER, surviving mother of Daniel Shaver

    Plaintiffs,

v.

CITY OF MESA, a public entity; PHILIP BRAILSFORD and JANE DOE BRAILSFORD, husband and wife; CHARLES LANGLEY and JANE DOE LANGLEY, husband and wife; JOHN AND JANE DOE OFFICERS I-X; JOHN AND JANE DOE SUPERVISORS I-X; BLACK CORPORATIONS I-X; AND WHITE PARTNERSHIPS I-X

    Defendants.

No. _____ CV2017-090318

**COMPLAINT**

(Jury Trial Demanded)

Grady Shaver and Norma Shaver, husband and wife, both individually as the surviving parents of Daniel Shaver, for their Complaint against Defendants, allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action pursuant to A.R.S. § 12-611, *et seq*; 42 U.S.C § 1983; the Fourth and Fourteenth Amendments of the United States Constitution; and pendent state common and statutory laws.

2.      Jurisdiction and venue are proper in the Court pursuant to A.R.S. § 12-122, *et seq*; A.R.S. § 12-401, and the majority of the Defendants are residents of Maricopa County, Arizona, and the events underlying this lawsuit occurred in Maricopa County.

**GENERAL ALLEGATIONS**

3.      Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

4.      For all material times, Plaintiffs Grady Shaver and Norma Shaver ("Parents") are individuals residing in Davidson County, Tennessee.

5.      Parents survive, and are statutory beneficiaries of, their son Daniel Shaver ("Daniel") who was an individual residing in Hood County, Texas, at all times relevant to this Complaint.

6.      Defendant City of Mesa, including all of its departments, subdivisions, agents, and employees (collectively referenced hereafter as "the City") is a public municipal corporation formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes.  As such, the City is subject to civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including (without limitation) the City of Mesa Police Department ("Police") and the officers and employees of their divisions.

7.      At all times material to this Complaint, Defendant, former Officer Philip Brailsford ("Brailsford") and Defendant, former Officer Charles Langley ("Langley"), were agents and employees of the City who, at the time of the events complained herein, were acting

within the course and scope of their employment.  Brailsford and Langley are sued both in their official capacity for purposes of Plaintiffs' state law claims and in their individual capacities for purposes of Plaintiffs' claims under 42 U.S.C. § 1983.  Jane Doe Brailsford and Jane Doe Langley are fictitious names of Brailsford's and Langley's spouses, if any, who will be substituted upon the discovery of their names and if appropriate.

8.      At all times material herein, Defendants John and Jane Doe Officers I-X and John and Jane Doe Supervisors I-X ("Police John Doe Supervisors") were officers, agents, and employees, and their spouses, of the City, acting within the course and scope of their employment and under color of law.  Their actions constitute actions of the City.  The City is vicariously and directly liable, as permitted by state and federal law, for any of their wrongful conduct.  The true name, capacities, and relationships, whether individual, corporate, partnership, or otherwise of all John and Jane Doe Defendants, Black Corporation, and White Partnerships, are unknown at the time of the filing of this complaint and are being designated pursuant to Ariz. R. Civ. P. 10(d).  Plaintiffs will amend the complaint to name any unidentified individuals once they have learned, through discovery, the identities and acts, omissions, roles, and/or responsibilities of such Defendants sufficient for Plaintiffs to discover the claims against them.

9.      All spouses of the respective Defendants are so designated because the wrongful conduct of Defendants was engaged in for the benefit of the marital communities, thereby rendering the spouses and marital communities of Defendants liable for such conduct.

- 3 -

### FACTUAL BASIS FOR CLAIMS FOR RELIEF

#### Summary of Facts

10.    Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraph above, as if set forth fully herein.

11.    On the evening of January 18, 2016 at approximately 9:14 p.m., Daniel Leetin Shaver was shot to death in his hotel by Brailsford.

12.    Daniel was a twenty six (26) year old young man from Granbury, TX and was traveling for work to Mesa, AZ to perform pest control for local businesses.

13.    That evening Daniel checked into a hotel room at the La Quinta Inn located at 6530 E. Superstition Springs Blvd. in Mesa.

14.    While there Daniel met two acquaintances, Monique and Luis, who he invited up to his room for a couple of drinks.  While they were in the room Luis became interested in an air rifle that Daniel used as part of his pest control work.  Daniel and Luis handled the air rifle for a brief period before putting it away and Luis subsequently leaving the room.

15.    Unknown to Daniel, Luis, or Monique, two other guests traveling from California were at the pool five stories below and had observed them through the window handling the air rifle in the room.

16.    These two guests notified hotel staff who subsequently called the Mesa Police Department.  The Mesa Police Department responded to the call and at least six police officers arrived, including officer Philip Brailsford and Sergeant Charles Langley.

- 4 -

17.     These six officers mobilized in the hotel lobby and formulated a plan to approach the room on the fifth floor.

18.     Sergeant Langley, who was leading this team, designated two officers as lethal force including Brailsford, and ensured that they were armed with AR-15 assault rifles.

19.     None of the other officers were designated as less than lethal force and none of the officers elected to proceed with non-lethal weapons at this point despite several less than lethal options being available.  These officers made their way up the elevator and down the hall towards Daniel's room.

20.     While the officers were in the hallway at an estimated twenty to sixty feet away from Daniel's room they made verbal commands, which were not heard by Daniel or Monique in the room behind a closed door.

21.     Sergeant Langley sent one officer down to the front desk to ask hotel staff to call Daniel's room.  Daniel received the phone call from hotel staff who stated that the Police were there and they wanted them to exit the room.

22.     Daniel and Monique then exited the room where they were shocked to see a group of five to six police officers pointing their weapons at them, including Brailsford and another officer who were utilizing AR-15 rifles.

23.     Stunned and completely surprised, they stopped as one officer began screaming a series of commands at them.

24.     This entire incident was captured on the video cameras worn by two of the officers including Brailsford.

25.    Daniel did his best to follow the commands he was given despite the commands being confusing, difficult to follow and Daniel being told to "shut up" whenever he tried to speak or clarify the commands given by Langley.

26.    After several minutes of laying face down on the ground Daniel was finally ordered to crawl towards the officers with his legs crossed and his hands in the air, all while being told that if he lowered his hands or uncrossed his legs he would be shot.

27.    The order to crawl necessitated that Daniel place his hands on the ground and as he was crawling he can be heard on the video audibly crying and begging the officers "please, don't shoot me."

28.    As Daniel was crawling on his hands and knees per the officer's orders, his loose fitting basketball shorts fell down to his knees and he instinctively reached to catch them and pull them up.

29.    At that instant officer Brailsford opened fire and shot Daniel five times in the back, neck, chest, face, and right leg with his own personal AR-15 assault rifle.  Daniel was unarmed and died at the scene.

30.    The Mesa Police Department (specifically Brailsford) unjustifiably shot and killed Daniel without any threat existing.  There was absolutely no reason to kill this unarmed, vulnerable young man.

31.    Daniel was not committing any crime, he had not hurt or injured anyone, he had made no threats to the officers or anyone else, he did not argue with the officers and he had no weapon.

- 6 -

32.     It was later discovered that officer Brailsford's personal AR-15 rifle used in this shooting and authorized for use by the Mesa Police Department had the words "You're Fucked" inscribed on the inside of the dust cover which would have been exposed after the first shot was fired.

33.     This inscription shows that officer Brailsford had a callous disregard for the sanctity of life, his duty to serve and protect the community and that he did not care about the well-being or life of any individual standing, or crawling in this instance, in front of his weapon.

34.     Subsequent to this incident the Maricopa County Attorney's Office investigated the events surrounding Daniel's killing and filed a direct complaint against officer Philip Brailsford for second-degree murder in the killing of Daniel Shaver.  Officer Brailsford was then fired from the Mesa Police Department.

35.     A timely and detailed Notice of Claim including an amount for which Plaintiffs would settle was served and filed with the City Clerk for the City of Mesa on March 3, 2016 against the City of Mesa, the Mesa Police and Officers pursuant to A.R.S. § 12-821.01.  More than 60 days have passed since the filing of the Notice of Claim and Defendants have not responded to said claim.

### FIRST CLAIM FOR RELIEF

### (Assault and Battery)

36.     Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

37.     Defendants Brailsford and Langley assaulted and battered Daniel.

- 7 -

38.     Defendants Brailsford and Langley intended to cause harm or offensive contact with Daniel and did cause harm or offensive contact with Daniel by shooting and killing him.

39.     The assault and battery was not justified.

40.     The harmful conduct and contact led to Daniel's death and his Parents are entitled to damages.

41.     The conduct of officers Brailsford and Langley was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of or cause the death of Daniel. The officers consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Daniel.

42.     Moreover, deterrence and punishment are appropriate.

43.     Plaintiffs are therefore entitled to damages in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF

### (Negligence – All Defendants)

44.     Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

45.     Defendants have a statutory and common law duty to assure the safety and well being of persons in their care and custody – a duty that includes (without limitation) using only necessary and reasonable force. Defendants also have a duty to provide proper care to the citizens under their care, custody, and control.

46.     Brailsford and Langley breached their duties, as identified by the allegations set forth in the paragraphs above by (among others and without limitation):  subjecting Daniel to excessive force; fatally shooting Daniel; and failing to properly follow the applicable protocols, practices, policies, training, and standards of law enforcement.

47.     The City of Mesa is legally responsible for the screening, hiring, training, retaining, and supervision of all employees and agents who have responsibility for the processing, handling, and management of those in the care, custody, and control of the Police. This responsibility includes (among other things and without limitation) making certain that such employees and agents satisfy all federal, state, and applicable standards.  It also includes (among others and without limitation) making certain that Police policies, procedures, practices, protocols, customs, and training satisfy all federal, state, and applicable standards.  And, it also includes (among others and without limitation) reasonably responding to known problems and/or improper customs, policies, practices, procedures, training, and/or conditions.  The City was negligent in the performance of those duties and responsibilities.

48.     The City of Mesa breached its duties, as identified by the allegations set forth in the paragraphs above, by (among others and without limitation): failing to properly screen, hire, retain and supervise its employees; ratifying improper conditions, customs, policies, procedures, and/or practices by inaction; implementing, utilizing, and/or permitting to exist unreasonable dangerous policies, practices, protocols, customs, and training (or lack thereof) with respect to (among others and without limitation) the use of force; approaching, arresting, and/or responding to citizens; failing to appropriately hire, retain and supervise its employees.

49.     Police John Doe Supervisors have individual, supervisory responsibility for overseeing the operations of the City of Mesa Police Department and the actions of the officers underneath them, as well as ensuring that the Police are provided with the proper training, education, resources, and knowledge necessary to comply with applicable federal and state law and standards.  They are also responsible for ensuring that every police officer is properly qualified to perform the duties of the job, and that the policies, procedures, customs, practices, and/or protocols of the Police are proper, legal, and complied with.  They are also responsible for taking appropriate measures to correct any problems that they are aware of or put on notice of with respect to the Police.  Each of these supervisors was negligent in the performance of such duties, as alleged herein this Complaint.

50.     Defendants were, at all times material hereto, acting within the course and scope of their employment.

51.     Defendants breached their duties owed to Daniel, as identified by the claims, facts, and allegations set forth in the paragraphs above.

52.     Defendants' breaches of duty caused or contributed to the cause of Daniel's death.

53.     As the result of Defendants' negligence, his Parents, as Daniel's survivors, have been deprived of the continued companionship and society of their son and have suffered and will continue to suffer in the future a loss of love, affection, companionship, care, protection, guidance, as well as pain, grief, sorrow, anguish, stress, shock, and mental suffering; and economic and non-economic damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Gross Negligence – All Defendants)

54.     Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

55.     Defendants acted and/or failed to act, despite knowing or having reason to know that Daniel was or would be inappropriately subjected to an unreasonable risk of serious harm and injury as a result of their actions and/or inactions.

56.     Defendants subjected Daniel to reckless and excessive force, and/or failed to intervene to prevent use of such force, as alleged above.

57.     A reasonable person under the same circumstance would have known that Daniel was inappropriately subject to the use of unreasonable and unjustified force.

58.     At all times material hereto, Defendants were acting within the course and scope of their employment.

59.     Brailsford and Langley were reckless and/or grossly negligent in the handling, treatment, and care of Daniel.

60.     The City of Mesa, and Police John Doe Supervisors, directly and through its employees and agents, were reckless and/or grossly negligent in the screening, hiring, retention, training and supervision of Brailsford, Langley and potentially others, as identified by the claims, facts, and allegations set forth in the paragraphs above.

61.     Defendants' breaches of their duties, as outlined above, constitute gross negligence, which was the proximate cause of Daniel's death.

- 11 -

62.     As the result of Defendant's gross negligence, his Parents, as Daniel's survivors, have been deprived of the continued companionship and society of their son and have suffered and will continue to suffer in the future a loss of love, affection, companionship, care, protection, guidance, as well as pain, grief, sorrow, anguish, stress, shock, and mental suffering, and have suffered both economic and non-economic damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Wrongful Death)

63.     Plaintiffs re-allege and incorporate by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

64.     The shooting of Daniel by Mesa Police Officer Philip Brailsford was without justification and amounts to death caused by negligence, gross negligence, reckless disregard and/or murder as set forth above.

65.     If Daniel's death had not ensued, He would have been entitled to maintain an action to recover damages for Defendants' conduct.

66.     Pursuant to A.R.S. § 12-611, Defendants are liable to Daniels surviving Parents for Defendants' conduct, Daniel's and his Parents' claims, his death and his and their damages.

67.     Pursuant to A.R.S. § 12-612(a), Daniels surviving Parents are entitled to bring this action for damages.

68.     Plaintiffs are entitled to, at a minimum, compensation for the loss of love, affection, Companionship, care, protection and guidance since the death and in the future; for the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and

- 12 -

1    reasonably probable to be experienced in the future; for any income and services that have

2    already been lost as a result of the death, and that are reasonably probable to be lost in the

3    future; for any reasonable expenses of funeral and burial; for the reasonable expenses of

4    necessary medical care and services for the injury that resulted in the death; and for related

5    damages.

6

7        69.    The conduct of officers Brailsford and Langley was engaged in with intent to

8    cause injury, was wrongful conduct motivated by spite or ill will or the officers acted to serve

9    their own interests, having reason to know and consciously disregarding a substantial risk that

10   their conduct might significantly injure the rights of or cause the death of Daniel.  The officers

11   consciously pursued a course of conduct knowing that it created a substantial risk of significant

12   harm to Daniel.

13

14       70.    Moreover, deterrence and punishment are appropriate.

15

16       71.    Plaintiffs are therefore entitled to damages in an amount to be determined at trial.

17                            **FIFTH CLAIM FOR RELIEF**

18   **(Violation of 42 U.S.C. § 1983: Unconstitutional Policies, Customs, and Failure to Train**
19       **and Supervise – Defendants City of Mesa and Police John Doe Supervisors)**

20       72.    Plaintiffs re-allege and incorporate by reference their claims, facts, and allegations

21   contained in the paragraphs above, as if set forth fully herein.

22

23       73.    The City and Police John Doe Supervisors (in their official capacities), directly

24   and by and through their agents and official policymakers, establish policy for the City's police

25   department, oversee operations of the police department and the services provided by its

26

                                   - 13 -

officers, and evaluate, certify, and maintain the police department's compliance with applicable standards.  Such actions, directly or via ratification, constitute official municipal policy, customs and practices.

74.    The City and Police John Doe Supervisors (in their official capacities), have oversight and supervisory responsibility over their officers, employees, and agents with respect to Police Matters.

75.    Despite their knowledge of and notice to them, the City and Police John Doe Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of those that they serve in training (and/or failing to adequately train) police personnel, employees, and agents in (among other things): the appropriate, lawful and constitutional policies, procedures, practices, protocols, and customs for the use of force; the processing, evaluation, handling, management, and restraint of citizens; and other usual and recurring circumstance police face, as alleged herein.

76.    The City and John Doe Supervisors (in their official capacities) have long been on notice and had knowledge of the dangerous and unconstitutional conditions that led to Daniel's death.

77.    Despite their knowledge of and notice, the City and Police John Doe Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of those that they serve in the screening, hiring, retention and supervision of Police personnel, employees, and agents.

- 14 -

78. Despite their knowledge and notice, the City and Police John Doe Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of those that they serve in fostering, encouraging, and knowingly accepting formal and informal Police policies or customs condoning indifference to the use of excessive force, such as that death and/or bodily harm to citizens was likely to occur in a manner similar to that of Daniel.

79. These Defendants' deliberate, reckless, and callous actions, as described above, substantially contributed to and/or were the moving force behind Daniel's treatment and the use of excessive force upon him by City employees and his ultimate death in their hands and on their watch.

80. The wrongful conduct of Defendants, as described herein, constitutes violations of 42 U.S.C. § 1983, in that with deliberate and callous indifference, they deprived Daniel and his Parents of rights secured to them by the Constitution and laws of the United States, including (among others and without limitation) the right be free from law enforcement's excessive force, and the right to the continued familial and societal relationship, guaranteed by the Forth and Fourteenth Amendments.

81. The wrongful conduct of these Defendants was in reckless disregard of the rights and Daniel and his Parents, and punitive damages in an amount to be determined by a jury should be awarded to deter and prevent others from acting in a similar manner in the future.

- 15 -

### SIXTH CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983:  Excessive Force - Brailsford and Langley Individually)**

82.    Plaintiffs re-allege and incorporate by reference all claims, facts and allegation set forth in the paragraphs above, as if set forth fully herein.

83.    At all times material hereto, Brailsford and Langley were acting under the color of law and within the course and scope of their employment.

84.    Brailsford and Langley used excessive force upon Daniel which caused, contributed to cause, or was the moving force of his death.

85.    The wrongful conduct of Brailsford and Langley deprived Daniel and his Parents of rights secured to them by the constitution and the laws of the United States.

86.    The wrongful conduct of Brailsford and Langley constitutes a violation of the United States Constitution, Fourteenth Amendment, in that his Parents have been deprived of their constitutional interest in the continued familial companionship and society of their son.

87.    The actions of Brailsford and Langley were malicious or in reckless disregard of the rights of Daniel and his Parents and punitive damages in an amount to be determined by a jury should be awarded against each of them to punish them for their wrongdoing and to deter and prevent them and others from acting in a similar manner in the future.

### JURY TRIAL

88.    Plaintiffs hereby request and demand a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages and for judgment against Defendants as follows:

- 16 -

a) General damages in an amount to be proved at trial, as to the causes of action, claims, and theories of relief alleged herein;

b) Punitive damages in an amount deemed just and reasonable against the individual Defendants as to the causes of action, claims, and theories of relief alleged herein;

c) Costs and attorneys' fees against all Defendants as to the causes of action, claims, and theories of relief alleged herein under the Constitution and laws of the United Sates, pursuant to 42 U.S.C. § 1988;

d) Economic and non-economic damages for Daniel Shaver pursuant to applicable Arizona and federal law;

e) Pre-death pain and suffering and loss on enjoyment of life damages for Daniel Shaver, pursuant to 42 U.S.C. § 1983;

f) The costs of litigation;

g) All remedies provided by 42 U.S.C. § 1983; and

h) Such other and further relief which may seem just and reasonable under the circumstances.


RESPECTFULLY SUBMITTED this _10_ day of January, 2017.

BUDGE LAW FIRM, PLLC

By: _____

Sven K. Budge
1134 E. University Dr., Suite 121
Mesa, AZ 85203
Attorney for Plaintiffs

- 17 -

1  ORIGINAL filed this _10_ day
   of January, 2017:
2
3  Clerk of the Court
   Maricopa County Superior Court
4  222 E. Javelina Ave.
   Mesa, AZ 85210
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT 2**

**EXHIBIT 2**





1  Sven K. Budge (#030205)
   BUDGE LAW FIRM, PLLC
2  1134 E. University Dr., Suite 121
   Mesa, AZ 85203
3  sbudge@budgelawfirm.com
   Phone: (480) 246-8050
4  Fax: (480) 553-8037

5  Attorney for the Plaintiffs

6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                IN AND FOR THE COUNTY OF MARICOPA

9

10 GRADY SHAVER, surviving father of Daniel    No. _____
   Shaver, Deceased; and NORMA SHAVER,
11 surviving mother of Daniel Shaver

12            Plaintiffs,                      **PLAINTIFF'S CERTIFICATE OF**
   v.                                          **COMPULSORY ARBITRATION**
13
   CITY OF MESA, a public entity;
14 PHILIP BRAILSFORD and JANE DOE
   BRAILSFORD, husband and wife;
15 CHARLES LANGLEY and JANE DOE
   LANGLEY, husband and wife; JOHN AND
16 JANE DOE OFFICERS I-X; JOHN AND
   JANE DOE SUPERVISORS I-X; BLACK
17 CORPORATIONS I-X; AND WHITE
   PARTNERSHIPS I-X
18
            Defendants.
19

20        The undersigned certifies that the largest award sought by the complainant, including

21 punitive damages, but excluding interest, attorney's fees and costs, <u>does</u> exceed the limits set by

22 Local Rule for compulsory arbitration.  This case <u>is not</u> subject to the Uniform Rules of

23 Procedure for Arbitration.

24

25

26

1    RESPECTFULLY SUBMITTED this _10_ day of January, 2017.

2                                  BUDGE LAW FIRM, PLLC

3                            By:   _____

4                                  Sven K. Budge
                                   Attorney for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 2 -

**EXHIBIT 3**

**EXHIBIT 3**

1  Kathleen L. Wieneke, Bar #011139
   Christina Retts, Bar #023798
2  STRUCK, WIENEKE, & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
3  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
4  Fax:  (480) 420-1699
   kwieneke@swlfirm.com
5  cretts@swlfirm.com

6  Attorneys for Defendant City of Mesa

7

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                     **COUNTY OF MARICOPA**

10 | GRADY SHAVER, surviving father of Daniel Shaver, Deceased; and NORMA SHAVER, surviving mother of Daniel Shaver | NO. CV2017-090318 |

11 | | **DEFENDANT CITY OF MESA'S NOTICE OF FILING NOTICE OF REMOVAL** |

12 | Plaintiffs, |

13 | v. | (Assigned to Honorable David K. Udall) |

14 | CITY OF MESA, a public entity; PHILIP BRAILSFORD and JANE DOE BRAILSFORD, husband and wife; CHARLES LANGLEY and JANE DOE LANGLEY, husband and wife; JOHN AND JANE DOE OFFICERS I-X; JOHN AND JANE DOE SUPERVISORS I-X; BLACK CORPORATIONS I-X; AND WHITE PARTNERSHIPS I-X |

19 | Defendants. |

20

21        Defendant City of Mesa, through counsel and pursuant to 28 U.S.C. § 1441, *et seq.*,

22 notifies this Court that it filed a Notice of Removal of this action to the United States

23 District Court for the District of Arizona.

24        A copy of the Notice of Removal (exclusive of exhibits) is attached as Exhibit A.

25

26 / / /

27 / / /

28

1         DATED this 9th day of March, 2017

2                                   STRUCK, WIENEKE, & LOVE, P.L.C.

3

4                             By    /s/ Christina Retts

5                                 Kathleen L. Wieneke
                                Christina Retts

6                                 Struck, Wieneke, & Love, P.L.L.C.
                                3100 West Ray Road, Suite 300

7                                 Chandler, Arizona  85226
                                Attorneys for Defendant City of Mesa

8 **ORIGINAL e-filed via AZTurboCourt** this 9th day

9 of March, 2017.

10 On this same date, a true COPY of the foregoing was

11 served via AZTurboCourt (per Arizona Supreme Court
Administrative Order 2014-23) on:

12

13 Sven K. Budge
Budge Law Firm, PLLC

14 1134 E. University Drive, Suite 121
Mesa, AZ 85203

15 sbudge@budgelawfirm.com
*Attorneys for Plaintiffs*

16

17 /s/ Christina Retts

18

19 3304528.1

20

21

22

23

24

25

26

27

28

                                2